# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PHELPS,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTEN L. HEREDIA,<br><br>    Defendant. | Case No. 1:14-cv-668-LJO-SKO<br><br>**ORDER CONSOLIDATING CASE** |
| DANIEL PHELPS,<br><br>    Plaintiff,<br>v.<br><br>RICHARD GIERSCH,<br><br>    Defendant. | Case No. 1:14-cv-00696-LJO-BAM<br><br>**ORDER CONSOLIDATING CASE AND REASSIGNING CASE TO DOCKET OF MAGISTRATE JUDGE SHEILA K. OBERTO**<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS** |

      Plaintiff filed a complaint in case number 1:14-cv-00668-LJO-SKO on May 6, 2014, and another complaint in case number 1:14-cv-00696-LJO-SKO on May 9, 2014. The complaints in both actions allege that the named defendant is "involved with the illegal operation of a repair shop for motor vehicles on 6223 N. Blackstone[,] Fresno[, California.]" Plaintiff alleges that in the process of operating this illegal repair under the name of North Fresno Collision, the named

defendant has violated his right to free trade by placing an illegal restraint on Plaintiff and violating his Fifth Amendment rights to due process.  Plaintiff also contends that each named defendant has violated his Second Amendment right to bear arms.

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . "  Fed. R. Civ. P. 42(a)(2).  "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).  In determining whether to consolidate cases, "a court weighs the interests of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

These actions contain identical allegations involving the same repair shop and raise overlapping questions of law and fact.  There is little, if any, danger of delay, confusion, or prejudice by consolidating these actions.  Further, consolidation will maximize the Court's scarce resources.  Therefore, consolidation of these actions is appropriate.

Plaintiff's pending request to proceed in formal pauperis in *Phelps v. Giersch*, Case No. 1:14-cv-00696-LJO-BAM is denied as moot.  (Doc. 3.)  Plaintiff has already filed a request to proceed in forma pauperis in *Phelps v. Heredia*, Case No. 1:14-cv-00668-LJO-SKO, which he has been ordered to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's Office is directed to reassign case number 1:14-cv-00696-LJO-BAM to the docket of United States Magistrate Judge Sheila K. Oberto;

2. The Clerk's Office is directed to consolidate *Phelps v. Giersch*, Case No. 1:14-cv-00696-LJO-BAM with *Phelps v. Heredia*, Case No. 1:14-cv-00668-LJO-SKO;

3. *Phelps v. Heredia*, Case No. 1:14-cv-00668-LJO-SKO shall be designated as the lead case;

4. The parties in both cases are instructed to file all documents in *Phelps v. Heredia*, Case. No. 1:14-cv-00668-LJO-SKO; and

5. Plaintiff's request to proceed in forma pauperis in *Phelps v. Giersch*, Case No. 1:14-cv-00696-LJO-BAM is DENIED as moot.

IT IS SO ORDERED.

Dated:   **May 28, 2014**                                **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE